15 F.3d 1085
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 HOMESTEAD INSURANCE CO., Plaintiff-Appellee,
v.
THE RYNESS COMPANY, et al., Defendants-Appellants.
 No. 92-16247.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 17, 1993.
Decided Jan. 5, 1994.
 
 Before: WALLACE, Chief Judge, GARTH* and WIGGINS, Circuit Judges.
 
 MEMORANDUM
 
 1
 The Ryness Company ("Ryness") appeals from a grant of summary judgment in favor of Homestead Insurance Company ("Homestead"), denying Ryness coverage under a duty to defend clause in a Specialty Errors and Omissions Policy ("Policy") issued by Homestead. We affirm.[1]
 
 I.
 
 2
 Ryness is a California real estate brokerage firm. On January 8, 1991, a class action was filed against Ryness and others by purchasers of condominium units sold by Ryness in the late 1980's. The class' multiple causes of action alleged, inter alia, that Ryness had defrauded the class members by failing to disclose that land adjacent to the condominium development had been a residential, municipal, and industrial waste dump from the years 1945 to 1970.
 
 
 3
 At the time the class action was filed, Ryness was insured under a "Specialty Errors or Omissions Liability Insurance Policy" issued by Homestead Insurance Company. The Policy contained provisions whereby Homestead agreed to pay on behalf of Ryness all sums which Ryness might become legally obligated to pay on account of third-party claims for damages caused by "a negligent act, error, or omission" committed by Ryness in the performance of its "real estate sales and brokerage, mortgage loan origination and marketing consultation" business.
 
 
 4
 The Policy also contained a series of exclusions. In particular, subsection (m) of section 2 of the Policy ("Exclusion (m)") provided as follows:
 
 
 5
 This insurance does not apply to claims for or arising out of ... (m) the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon land, the atmosphere or any water course or body of water.
 
 
 6
 (Emphasis added.)
 
 
 7
 On February 4, 1991, Ryness tendered the defense of the underlying class action to Homestead. Homestead asserted that the underlying class action fell within the scope of Exclusion (m) and that, therefore, its duty to defend did not arise. On October 11, 1991, Homestead filed a declaratory judgment suit in federal court to determine its rights and obligations under the Policy.
 
 
 8
 Both parties filed motions for summary judgment on the issue of whether or not Exclusion (m) relieved Homestead of its duty to defend Ryness. On July 7, 1992, the district court entered a written order granting summary judgment to Homestead. We have jurisdiction over Ryness' appeal from the final order of the district court pursuant to 28 U.S.C. Sec. 1291. Our review of a district court's grant of summary judgment is plenary. Jones v. Union Pacific R.R., 968 F.2d 937, 940 (9th Cir.1992).
 
 II.
 
 9
 This appeal raises the question of whether the underlying action brought against Ryness for its failure to disclose that land adjacent to the development was a garbage dump is a claim "arising out of ... the discharge, dispersal, release or escape" of pollutants, within the meaning of Exclusion (m).
 
 
 10
 Neither party was able to cite to us any case which is directly on point. We have recognized, however, that California courts interpret the words "arising from" broadly, and that they "are ordinarily understood to mean 'originating from' 'having its origin in,' 'growing out of' or 'flowing from' or in short, 'incident to, or having connection with.' " Continental Casualty Co. v. Richmond, 763 F.2d 1076, 1080 (9th Cir.1985), quoting Underwriters at Lloyd's of London v. Cordova Airlines, Inc., 283 F.2d 659, 664-65 (9th Cir.1960).
 
 
 11
 Here, the terms of the Policy provide coverage for any "negligent act, error or omission" committed in the course of Ryness' "real estate sales and brokerage, mortgage loan origination and marketing consultation" business. District Court Judge Fern M. Smith of the Northern District of California, in a thoughtful and well-reasoned opinion, concluded that the "only conduct within the scope of the general coverage provisions which could 'arise out of' the type of pollution described in Exclusion (m) is errors in the transfer of information regarding the pollution, e.g., nondisclosure or misrepresentation of waste dumping." Any other interpretation, Judge Smith believed, would transform Exclusion (m) into mere surplusage.
 
 
 12
 We agree. The plain meaning of the terms of the Policy, in particular the unambiguous meaning of the terms of Exclusion (m), demonstrate that Homestead intended to divest itself of liability for any and all environment-related litigation. Despite the fact that the underlying claim in the present case does not involve potential liability for the pollution itself, Judge Smith properly held that "[t]he alleged nondisclosure of waste dumping in the underlying complaint is dependent upon and inextricably linked to the excluded dumping of waste."[2]
 
 
 13
 We therefore affirm Judge Smith's July 2, 1992 order granting Homestead's motion for summary judgment substantially for the reasons so well stated in her opinion of that date.
 
 
 14
 AFFIRMED.
 
 
 
 *
 Honorable Leonard I. Garth, United States Circuit Judge, Third Circuit Court of Appeals, sitting by designation
 
 
 [1]
 The Insurance Environmental Litigation Association moved for leave to appear as amicus curiae and to file a brief. By this disposition, we hereby grant its motion
 
 
 [2]
 Although Ryness argued in its brief that there remained undecided issues of material fact which precluded the grant of summary judgment in favor of Homestead, and that the pollution exclusion should be confined to "actual" polluters, Ryness abandoned these positions at oral argument